**STEIN v. GREEN et al.**

**Civil Action No. 2731.**

District Court, W. D. Pennsylvania.

Jan. 14, 1946.

Edmund W. Arthur and J. M. Magee, both of Pittsburgh, Pa., for plaintiff.

Weil, Christy & Weil and A. Leo Weil, Jr., all of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

After trial and verdict in favor of plaintiff, the defendants have moved for judgment n.o.v., and, in the alternative, for a new trial.

Plaintiff had signed a conditional sales contract for a "Used Koehring Gasoline Shovel, Model 301, Serial #571, with dragline boom and bucket attachment" with defendant, The Industrial Equipment Corporation. The sale price was $7,000, of which $3,000 was payable upon signing of the contract.

The shovel had been advertised as follows: "Koehring 1 yard gas shovel, with dragline equipment, ready for service. Industrial Equipment Corp., Carnegie, Pa. Walnut 3300." Pursuant to the advertisement plaintiff communicated with Defendant, L. A. Green, representing The Industrial Equipment Corporation, and was taken to Ohio to view the shovel. He testified that it was standing in a wet spot and that he was prevented from making a proper inspection of it. He also stated, and this was admitted by defendant, that some parts of the shovel were not connected with it when he examined it. He stated that he was induced to enter into the conditional sales agreement by the representation of defendant Green that the shovel would be overhauled and put in condition to work. Later it was alleged that the conditioning had been completed. This allegation of Green's was false, he asserts, and by it he was fraudulently induced to sign the sales agreement and have the shovel shipped to him.

The plaintiff was aged seventy-seven years, his ability to hear was quite defective, and his memory of events prior to and relating to the signing of the contract of sale was not accurate. Nevertheless his contentions as to the representations of Green relating to the repair of the shovel have some confirmation. The contract of sale purported to be acknowledged on May 6, 1943, and the shovel was delivered sometime later. On April 16, 1943, a day or so after Stein had viewed the shovel, the Equipment Corporation, by the defendant Green, wrote plaintiff, in part, as follows:

"Mr. Fred Stein, Niles, Ohio.

"Dear Sir:

"We wish to confirm as follows our offer on shovels:

"Ref. 8554

"Koehring Gasoline Shovel, Model 301, 1 yd. dipper, 19'6 boom, 16' dipper stick, mounted on caterpillars. Will be supplied with 50' dragline attachments. In very good shape, overhauled, and ready for work. Price: $7,000.00 f.o.b. shipping point in Ohio."

The letter quoted, written after Stein's partial examination, quite evidently discloses the representations made which led to the signing of the sale contract and which induced its execution. These representations were far from reflecting the facts. Instead of the shovel being "in good shape, overhauled and ready for work," when delivered, it was old, rickety and absolutely unfit for work, particularly the use which Stein had for it. It fell apart when Stein's agents removed it from the car on which it had been shipped. In his anxiety to use it Stein struggled to repair it, but the defects developing became so numerous and irreparable that he was compelled to abandon it after several days, and give notice to that effect to the defendants. Later defendants replevined the shovel and took possession of it.

■ The evidence was such that the jury was justified in finding that the representations of defendant as to the condition of the shovel were knowingly false, and that by means of their falsity the plaintiff had been induced to sign the sale contract.

■ It has been contended on behalf of defendants that the plaintiff, if the shovel was not as represented, was compelled to return it promptly to the defendants and then bring suit for breach of the warranty. It must be remembered, however, that the sale to plaintiff was a conditional one and that title was in defendants. When plaintiff found that the shovel was not as represented, he notified defendants of the fact and the location of the shovel, and refused to make the further payments contemplated by the sales agreement. Defendants, by replevin, resumed possession of it. The burden of returning the shovel was not upon plaintiff under the circumstances.

■ The verdict returned was for a greater amount than the amount the court allowed to be submitted to the jury. As attempting to have the verdict stand, the plaintiff has endeavored to amend his complaint by asserting a claim for punitive damages by reason of the fraud upon him. His petition to so amend his pleading will be denied.

■ The motion for judgment notwithstanding the verdict will be denied. The motion for a new trial will be granted unless the plaintiff consents to the reduction of the amount to the sum upon which the court submitted the case to the jury, that is, the sum of $3,000 paid to defendants

by the plaintiff, with the amount paid for freight by him, with a sum, not more than six per cent., for delay in payment to date of verdict. If plaintiff formally consents to this reduction, the motion for a new trial will be refused.